GEORGE W. HARDING, as Administrator, etc., of LINCOLN HARDING, Deceased, Appellant, *v.* THE CITY OF NEW YORK and PATRICK TULLY, Respondents.

First Department, December 31, 1917.

Motor vehicles — negligence — municipal contractor — death of occupant of hired automobile which ran into excavation — erroneous charge — liability of one who hires automobile for negligence of chauffeur.

Action against the city of New York and a municipal contractor to recover for the death of the plaintiff's intestate who, while riding in a hired automobile driven by a professional chauffeur, was killed by the overturning

of the car which ran into an excavation alleged to have been left in the night time without guard and without lights. It appeared that the intestate took no part in and gave no directions as to driving the car, except by directing the chauffeur as to their destination.

*Held*, that a judgment for the defendant should be reversed because of an erroneous charge which involved a ruling that any negligence of the chauffeur which contributed to the accident was imputable to the intestate.

APPEAL by the plaintiff, George W. Harding, as administrator, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 9th day of April, 1917, upon the verdict of a jury, and also from orders entered in said clerk's office on the 28th day of March, 1917, and the 10th day of April, 1917, respectively, denying plaintiff's motion to set aside the verdict and for a new trial.

*Don R. Almy* of counsel [*William S. Evans* with him on the brief], *Almy, Van Gordon, Evans & Kelly*, attorneys, for the appellant.

*E. Crosby Kindleberger* of counsel [*Terence Farley* and *Thomas G. Price* with him on the brief], *Lamar Hardy, Corporation Counsel*, attorney, for the respondent the City of New York.

*F. H. J. Maxwell* of counsel [*Alfred E. Holmes*, attorney], for the respondent Tully.

PAGE, J.:

The action is to recover damages for the negligent causing of the death of plaintiff's intestate. The facts of the case as developed by the evidence are as follows: On November 5, 1915, about a quarter of twelve at night Lincoln Harding employed the automobile driven by Raymond Dilg to take him and a young lady to the young lady's home. After leaving the young lady at her home on Kinsella street, Harding got into the automobile, sitting in front next to Dilg, who was driving. Dilg was an experienced licensed chauffeur, operated an automobile for the owner, doing private hacking and receiving a salary of twenty-five dollars a week from the owner of the car. Harding took no part in and gave no directions as to the driving of the car, except directing the

chauffeur as to their destination. While proceeding along the Southern boulevard on the return trip at a speed of from twelve to fourteen miles per hour the car ran into an excavation, dirt having been thrown upon each side. When the auto struck this hole the steering wheel was wrenched out of the hands of the chauffeur and his feet were thrown off from the clutch pedal, thus losing control of the car which swung around and ran into the curb and then turned over, pinning Harding and Dilg underneath the machine. From the injuries thus sustained Harding died. This excavation was being made by the defendant Tully under a permit from the city of New York. It is claimed that this excavation was not guarded by any barrier nor were there any red lights upon it to warn traffic. The case was submitted to the jury with a most unfair and erroneous charge, the learned justice apparently being of the opinion that any negligence of the chauffeur that contributed to the accident was imputable to plaintiff's intestate. The charge was also argumentative strongly in favor of the defendants' contentions and against those of the plaintiff. The jury returned a verdict for the defendants. The corporation counsel admits that the charge is so unfair that the verdict cannot be sustained unless there was no evidence of the defendants' negligence sufficient to carry the case to the jury.

The city called a number of witnesses who swore that the excavation was guarded by a barrier and that there were red lights upon it. On behalf of the plaintiff, Dilg, the chauffeur, testified that there was no barrier or red lights at this excavation. In this he was corroborated by Hugh Lundon, John J. Zito, Dr. George W. Smith and inferentially by William J. Brouse and Herman Egner, all disinterested witnesses.

With this testimony in the case the question of the defendants' negligence was fairly a disputed question of fact for the determination of the jury.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to appellant to abide event.